IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW THOMAS MORLEDGE,<br><br>Defendant. | CR 12–20–BU–DLC<br><br>ORDER<br><br>**FILED**<br>JUL 24 2017<br>Clerk, U S District Court<br>District Of Montana<br>Missoula |

Before the Court is Defendant Matthew Thomas Morledge's ("Morledge") motion for early termination of supervised release pursuant to 18 U.S.C. § 3583. In support of this motion, Morledge provides that: (1) he has served 23 months of his term without incident; (2) he has complied with and satisfied all conditions of his supervised release, including abstaining from the use of drugs; (3) he has held steady employment; (4) he has no history of violence; (5) and he has no risk to the safety of the community. The United States Government filed a notice to the Court on July 19, 2017, and does not oppose Morledge's request for early termination.

Federal law provides that a court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if

-1-

it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, a court shall consider the factors set forth in 18 U.S.C. § 3553(a), including: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense." *United States v. Smith*, 219 Fed. Appx. 666, 667 n. 3 (9th Cir. 2007) (unpublished).

Here, the Court finds that Morledge's conduct during his term of supervised release and the interests of justice warrant granting the motion. Morledge has fully complied with his conditions of supervised release, has made great strides in rehabilitating himself, and has maintained steady employment. He is not a danger to the community and has been a productive member of society since his release from incarceration. The interests of justice will be best served by allowing

Morledge to move on with his life.

Accordingly, IT IS ORDERED that Morledge's motion for early termination of supervised release (Doc. 41) is GRANTED. The term of supervised release imposed by the Court on May 15, 2013, is TERMINATED as of the date of this Order. Morledge is hereby DISCHARGED from the sentence of supervised release in this case.

IT IS FURTHER ORDERED that the hearing scheduled for 9:00 a.m. on July 25, 2017, is VACATED.

DATED this 24th day of July, 2017.

_____
Dana L. Christensen, Chief District Judge
United States District Court